IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TODD ANDREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-128 |
| | ) | |
| SCOTT WILKES, Warden, Augusta | ) | |
| Medical Prison; DR. ALSTON, Medical | ) | |
| Director; and DR. DITSLEAR, DDS, | ) | |
| Augusta Medical Prison, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Central State Prison in Macon, Georgia, brings a complaint pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction for abuse of the judicial process by providing dishonest information about his prior filing history.

## I.     BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). Title 28 U.S.C. § 1915(g)

of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 723-28.

To that end, the "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983" for the Middle District of Georgia requires that prisoner plaintiffs disclose:  (1) whether they ever submitted a lawsuit for filing dealing with the same facts involved in the present lawsuit or otherwise related to their imprisonment, (2) whether, while incarcerated or detained, they ever submitted a lawsuit for filing dealing with facts other than those involved in the present lawsuit, and (3) whether any such suit filed in federal court was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.

## II.    DISCUSSION

Here, Plaintiff indicated he had not previously filed any lawsuit in federal court. (Doc. no. 1, pp. 2-3.)  However, the Court is aware of at least three other § 1983 cases Plaintiff previously filed in federal court.  See Andrew v. Georgia Dep't of Corr., et al., CV

2

514-311 (M.D. Ga. Aug. 28, 2014); <u>Andrew v. Bryson, et al.</u>, CV 515-307 (M.D. Ga. Aug. 10, 2015); <u>Andrew v. Georgia Dep't of Corr., et al.</u>, CV 517-216 (M.D. Ga. June 8, 2017). Thus, Plaintiff provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In <u>Rivera</u>, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied . . . about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731 (citations omitted); <u>see also</u> <u>Young v. Sec'y Fla. Dep't of Corr.</u>, 380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. <u>See, e.g.</u>, <u>Brown v. Wright</u>, CV 111-044 (S.D. Ga. June 17, 2011); <u>Hood v. Tompkins</u>, CV 605-094 (S.D. Ga. Oct. 31, 2005), <u>aff'd</u>, 197 F. App'x 818 (11th Cir. 2006). Because Plaintiff provided blatantly dishonest answers in his complaint, this case should be **DISMISSED**.

## III.   CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** this action be

**DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 31st day of January, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA